OPINION
{¶ 1} This is an appeal arising from Stark County Common Pleas Case No. 2000CV02752-PT.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts which precipitated the Civ.R. 50(B) Motion are that this action originated as one alleging medical negligence and the absence of informed consent.
 {¶ 3} Trial evidence was presented from December 10, 2001 to the 17th of such month, at which time the jury was instructed.
 {¶ 4} Four interrogatories were submitted, the first of which was submitted by the trial court. Both the first and second concerned the informed consent issue. The third referenced negligence and the last related to damages.
 {¶ 5} Appellant objected to the language of the trial court's interrogatory asserting that it was confusing and did not conform to Nickell v. Gonzalez (1985), 17 Ohio St.3d 136.
 {¶ 6} Such first and second questions read:
 {¶ 7} "INTERROGATORY NO. ONE
 {¶ 8} "Do you find by a preponderance of the evidence that the defendant, Dr. Alan Rudick, failed to obtain the informed consent of the plaintiff to the bronchoscopy with biopsy?"
 {¶ 9} "INTERROGATORY NO. TWO
 {¶ 10} "Do you find by a preponderance of the evidence that a reasonable person in the position of the patient would have decided against the bronchoscopy with biopsy had the material risks and dangers inherent and incidental to the procedure been disclosed to her prior to the procedure?"
 {¶ 11} Nickell v. Gonzalez, as to informed consent states:
 {¶ 12} "Tort of lack of informed consent against a physician is established when the physician fails to disclose to the patient material risk and dangers inherently and potentially involved with respect to proposed therapy, unrevealed risk and dangers which should have been disclosed by physician actually materialize and are proximate cause of injury to the patient, and a reasonable person in position of patient would have decided against therapy had material risk and dangers inherent and incidental to treatment been disclosed to him or her prior to therapy."
 {¶ 13} The jury informed the court of difficulty as to responding to the first Interrogatory.
 {¶ 14} The trial court provided further instructions on informed consent.
 {¶ 15} After further deliberations, the jury returned a verdict for appellants.
 {¶ 16} The trial court determined a discrepancy was present in that the jury responded to Interrogatory No. One in the affirmative and negative as to the second and required further deliberations, which were without success. The trial court ordered a mistrial as to the informed consent claim (count one) and granted judgment to appellants as to the medical negligence claim (count two).
 ASSIGNMENT OF ERROR {¶ 17} The sole Assignment of Error is:
 I. {¶ 18} "THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR JUDGMENT PURSUANT TO CIVIL RULE 50(B).
 I. {¶ 19} The Assignment of Error is concerned with Count One and the mistrial as to such cause of action as appellants assert that the responses to the first and second Interrogatories were consistent with the general verdict.
 {¶ 20} In examining the Assignment of Error we must necessarily review the instructions and objections in determining whether a mistrial was appropriate as to the cause of action as to failure of informed consent. (Count one).
 {¶ 21} Civil Rules 49 and 50 (B) are to be considered in reviewing this appeal. Such rules state:
{¶ 22} "Rule 49. Verdicts; interrogatories
 {¶ 23} "(A) General verdict. A general verdict, by which the jury finds generally in favor of the prevailing party, shall be used.
 {¶ 24} "(B) General verdict accompanied by answer to interrogatories. The court shall submit written interrogatories to the jury, together with appropriate forms for a general verdict, upon request of any party prior to the commencement of argument. Counsel shall submit the proposed interrogatories to the court and to opposing counsel at such time. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the interrogatories shall be submitted to the jury in the form that the court approves. The interrogatories may be directed to one or more determinative issues whether issues of fact or mixed issues of fact and law.
 {¶ 25} "The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict.
 {¶ 26} "When the general verdict and the answers are consistent, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58. When one or more of the answers is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial."
 {¶ 27} "Rule 50. Motion for a directed verdict and for judgment notwithstanding the verdict
 {¶ 28} "* * *
 {¶ 29} "(B) Motion for judgment notwithstanding the verdict. Whether or not a motion to direct a verdict has been made or overruled and not later than fourteen days after entry of judgment, a party may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion; or if a verdict was not returned, such party, within fourteen days after the jury has been discharged, may move for judgment in accordance with his motion. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment. If the judgment is reopened, the court shall either order a new trial or direct the entry of judgment, but no judgment shall be rendered by the court on the ground that the verdict is against the weight of the evidence. If no verdict was returned the court may direct the entry of judgment or may order a new trial."
 {¶ 30} The trial court provided in its instructions (p. 9-13) the three prongs of Nickell v. Gonzalez, supra. No objections to such instructions were raised by the parties.
 {¶ 31} The trial court's instructions (T. at p. 28) as to Interrogatory No. One conform to the printed language at the bottom of such question with regard to proceeding to Interrogatory No. Two if the answer to the first is "yes". No instructions were given as to either a positive or negative decision as to Interrogatory No. Two except "proceed to Interrogatory No. Three."
 {¶ 32} The difficulty arises with respect to the instructions provided by the trial court as to an affirmative response to Interrogatories One and Three as stated on page 30 of the transcript as follows:
 {¶ 33} "If your answer to Interrogatory No. 1 is yes and/or your answer to Interrogatory Number 3 is yes, sign the general verdict form in favor of the Plaintiff and proceed to Interrogatory Number 4."
 {¶ 34} When we examine Interrogatories One and Two in their exact language without applying the above instruction from page 30 but superimposing the prior three prong informed consent instructions from pages 9-13, we find no inconsistency.
 {¶ 35} Without a transcript of the evidence presented (except for the depositions) we must, for purposes of this examination, assume that the jury could determine in response to Interrogatory No. One that Dr. Rudick failed to provide informed consent. Also, again without a complete transcript, we can, for this discussion, assume that the jury, notwithstanding the lack of informed consent, concluded in response to Interrogatory No. Two that appellee, Leva Kirk would have, as a reasonable patient, proceeded with the medical procedures even if possessed with full instructions as to potential risks.
 {¶ 36} However, by coupling an affirmative response to Interrogatory No. One and No. Three with a plaintiff's verdict, the jury was placed in a predicament of confusion as to Interrogatory No. Two.
 {¶ 37} This is evident by the response (T. at p. 41) after deliberations resumed on December 18, 2001:
 {¶ 38} "We are having difficulty answering Interrogatory No. 1. We feel we have a two-part question with a 1 part answer."
 {¶ 39} The trial court (T. at p. 42) then instructs the jury:
 {¶ 40} "In the event you answer Interrogatory No. 1 yes, you must still answer Interrogatory No. 2, which asks specifically about one of the three elements required in your consideration of Interrogatory No. 1."
 {¶ 41} Further, the trial court (T. at p. 43) gave a further repetition of instructions which causes additional concern to this Court when it stated:
 {¶ 42} "And C, a reasonable person in the Plaintiff's position would have decided against the procedure if the material risks and dangers inherent and incidental to it had been disclosed to her prior to the procedure."
 {¶ 43} Nowhere in these instructions is the jury informed that appellee Leva Kirk could have decided as a reasonable person to proceed even if complete instructions of risk had been given. Of course, as stated previously, without a complete transcript we do not know if Leva Kirk testified and therefore whether or not she, as a reasonable person, would have proceeded if risk instructions had been given.
 {¶ 44} In conclusion, while we may disagree with the rationale of the trial court in the first instance as to inconsistency between the responses to the first and second interrogatories, we must agree with the trial court's decision as to the mistrial based upon the various instructions and the jury's attempted responses.
 {¶ 45} This cause is affirmed.
By: Boggins, J., Gwin, P.J. and Farmer, J. concur.